UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JUAN FUENTES ALONSO,<br><br>    Petitioner,<br><br>    v.<br><br>K. CHAPPELL, Warden,<br><br>    Respondent. | No. CV 13-3093-VAP (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF SUCCESSIVE PETITION** |

On April 22, 2013, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition") in the United States District Court for the Northern District of California, which was transferred to this Court on April 25, 2013. In the Petition, petitioner challenges his 1997 conviction in the Los Angeles County Superior Court. The Court observes that on November 22, 2011, petitioner filed an earlier habeas petition in this Court, in Case No. CV 11-9698-VAP (PLA), in which he also challenged his 1997 conviction. The 2011 petition was dismissed as time-barred pursuant to the Judgment entered on May 29, 2012. (See Judgment in Case No. CV 11-9698-VAP (PLA)).

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S.Ct. 1793 (2003). The Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2011 federal habeas challenge, petitioner raised the following claims: (1) petitioner's counsel rendered ineffective assistance by inducing petitioner to enter into a plea agreement, and (2) petitioner's sentence is illegal and should be voided. (See Report and Recommendation in Case No. CV 11-9698-VAP (PLA) at 3). As mentioned above, the action was dismissed as barred by the one-year statute of limitations prescribed by the AEDPA, which is codified at 28 U.S.C. § 2244(d)(1). (See id. at 9; Judgment in Case No. CV 11-9698-VAP (PLA)).

In the instant Petition, petitioner challenges the same conviction that he challenged in his 2011 Petition, and sets forth the following grounds for relief: (1) the prosecutor violated the terms of petitioner's plea agreement, and (2) after petitioner pleaded guilty pursuant to the plea agreement, defense counsel "failed in her duty to ensure that [petitioner] was properly convicted and sentenced in accordance with the terms of the contract plea agreement." (Petition at 7-8). Even if petitioner's claims in the instant Petition satisfied the AEDPA standards for filing a successive petition (although it does not appear that they satisfy 28 U.S.C. § 2244(b)(2)(A) or (B)), he nevertheless is required to first seek authorization from the Ninth Circuit before filing a

successive petition. 28 U.S.C. § 2244(b)(3)(A). Here, there is no indication that petitioner has obtained such permission from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). It therefore appears that the Court is without jurisdiction to entertain the current Petition under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'") (citation omitted).

Accordingly, petitioner is **ordered to show cause** why the instant Petition should not be dismissed as successive. Specifically, petitioner must submit to the Court **no later than May 29, 2013**, documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, and that the Ninth Circuit issued such an order. **Failure to respond by May 29, 2013, will result in the instant Petition being summarily dismissed without prejudice.**[1] See Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

**IT IS SO ORDERED.**

DATED: May 8, 2013

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[1] In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), and he does not provide documentation showing that he is not required to first receive Ninth Circuit authorization before filing a successive petition, he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.

3