UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JUAN FUENTES ALONSO, | No. CV 13-3093-VAP (PLA) |
| Petitioner, | |
| v. | **ORDER DISMISSING PETITION WITHOUT PREJUDICE AS SUCCESSIVE AND FOR FAILURE TO PROSECUTE** |
| K. CHAPPELL, Warden, | |
| Respondent. | |

On April 22, 2013, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition") in the United States District Court for the Northern District of California, which was transferred to this Court on April 25, 2013. In the Petition, petitioner challenges his 1997 conviction in the Los Angeles County Superior Court. On November 22, 2011, petitioner filed an earlier habeas petition in this Court, in Case No. CV 11-9698-VAP (PLA), in which he also challenged his 1997 conviction. The 2011 petition was dismissed as time-barred pursuant to the Judgment entered on May 29, 2012. (See Case No. CV 11-9698-VAP (PLA), Report and Recommendation at 9; Order Adopting Magistrate Judge's Report and Recommendation; Judgment). Accordingly, on May 8, 2013, the Magistrate Judge ordered petitioner to show cause, no later than May 29, 2013, why the Petition should not be dismissed as successive.

**To date, petitioner has failed to respond to the Order to Show Cause why the Petition should not be dismissed as successive, and his time to do so has passed.**

A habeas petition is second or successive if it raises claims that were or could have been adjudicated on their merits in a previous petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); see also Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." McNabb, 576 F.3d at 1029. Because a dismissal of a prior habeas petition for untimeliness "presents a 'permanent and incurable' bar to federal review of the underlying claims," the Ninth Circuit has held that "dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive." Id. at 1030.

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2011 federal habeas challenge, petitioner raised the following claims: (1) petitioner's counsel rendered ineffective assistance by inducing petitioner to enter into a plea agreement, and (2) petitioner's sentence is illegal and should be voided. (See Case No. CV 11-9698-VAP (PLA),

1  Report and Recommendation at 3). As mentioned above, the action was dismissed as barred by
2  the one-year statute of limitations prescribed by the AEDPA, which is codified at 28 U.S.C. §
3  2244(d)(1). (See No. CV 11-9698-VAP (PLA), Report and Recommendation at 9; Judgment). A
4  certificate of appealability was denied by this Court on May 29, 2012.

5       In the instant Petition, petitioner challenges the same conviction that he challenged in his
6  2011 Petition, and sets forth the following grounds for relief: (1) the prosecutor violated the terms
7  of petitioner's plea agreement, and (2) after petitioner pleaded guilty pursuant to the plea
8  agreement, defense counsel "failed in her duty to ensure that [petitioner] was properly convicted
9  and sentenced in accordance with the terms of the contract plea agreement." (Petition at 7-8).
10 Because petitioner's earlier federal petition was denied as untimely under AEDPA's statute of
11 limitations, the instant Petition is considered to be a second or successive application. McNabb,
12 576 F.3d at 1030.

13      In any event, even if it were found that either or both of the claims raised in the instant
14 Petition satisfy 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), petitioner is still required to seek
15 authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A).
16 Because petitioner has not presented any documentation showing that he has filed in the Ninth
17 Circuit the requisite motion and received the requisite authorization to file a successive petition,
18 the Court concludes that it is without jurisdiction to entertain the Petition under 28 U.S.C. §
19 2244(b). Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 798, 166 L.Ed.2d 628 (2007)
20 (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a
21 second habeas petition); Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court
22 may not, in the absence of proper authorization from the court of appeals, consider a second or
23 successive habeas application.'"). Absent the requisite authorization from the Ninth Circuit
24 allowing a successive petition, the instant Petition must be dismissed without prejudice. See
25 Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition
26 without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

27      Moreover, it is well established that a district court has authority to dismiss a petitioner's
28 action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ.

P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to petitioner's failure to prosecute or comply with Court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [respondent]; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Petitioner's conduct in failing to file a response to the May 8, 2013, Order to Show Cause hinders the Court's ability to move this case toward disposition and indicates that petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to respondent -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to respondent arises when a petitioner unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. However, it is petitioner's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to comply with Court orders.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Magistrate Judge attempted to avoid dismissal by advising petitioner in the May 8, 2013, Order

1 that his failure to timely respond to the Order to Show Cause would result in the Petition being
2 summarily dismissed. Nonetheless, petitioner has failed to file any response to the May 8, 2013,
3 Order.
4       Taking all of the above factors into account, dismissal for failure to prosecute and follow Court
5 orders is appropriate. Such a dismissal, however, should not be entered unless petitioner has been
6 notified that dismissal is imminent. See West Coast Theater Corp. v. City of Portland, 897 F.2d
7 1519, 1523 (9th Cir. 1990). In this case, petitioner was cautioned about the possibility of a summary
8 dismissal in the May 8, 2013, Order to Show Cause. In light of the foregoing, the Court finds that
9 dismissal of this action is also appropriate due to petitioner's failure to prosecute and comply with
10 Court orders.
11       In light of the foregoing, IT IS ORDERED that this action be **dismissed without prejudice**
12 as successive and for failure to prosecute and follow Court orders.

14 DATED: June 18, 2013

      /s/ Virginia A. Phillips
15       HONORABLE VIRGINIA A. PHILLIPS
      UNITED STATES DISTRICT JUDGE